Filed 1/8/24  P. v. Ortega C4/2
See Dissenting Opinion

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
|     Plaintiff and Respondent, | E080670 |
| v. | (Super.Ct.No. FWV1405023) |
| RAFAEL ORTEGA, | OPINION |
|     Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Jon D. Ferguson, Judge.  Affirmed.

Rafael Ortega, in propria persona; and Rex Adam Williams, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Genevieve Herbert, Deputy Attorney General, for Plaintiff and Respondent.

1

In 2015 Rafael Ortega pled no contest to attempted murder. He now appeals the denial of his Penal Code section 1172.6[1] petition to vacate that conviction. After his counsel filed a no-issue brief under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), Ortega filed his own supplemental brief. We then requested that the parties brief whether the trial court erred in concluding Ortega failed to make a prima facie case for eligibility, and if so whether this court could rely on the police report—which Ortega stipulated to as containing a factual basis for his plea—to assess whether the trial court erred and if so whether that error was harmless. The parties agree the trial court erred but disagree whether the error was harmless. We affirm.

BACKGROUND

According to two police reports, in December 2014 Ortega's victim received a phone call and text message that appeared to be from a woman he was seeing. The text message told him to go to a certain location to pick her up. When he arrived, he was unable to find the woman. As he was leaving, he saw Ortega standing on a corner ahead of him. Sensing something bad was going to happen, the victim stepped on the accelerator. As he passed Ortega, he saw Ortega pull a handgun from his waistband. The victim heard two or three shots and felt pain in his ribcage, but continued to speed away. He eventually stopped and called 911.

In 2014, the Riverside County District Attorney charged Ortega with attempted murder (§§ 664, 187, subd. (a); count 1), assault with a firearm (§ 245, subd. (a)(2);

_____

[1] Unlabeled statutory citations refer to the Penal Code.

2

count 2), and unlawful possession of a firearm (§ 29800, subd. (a)(1)). The prosecution also alleged various enhancements, including that Ortega personally used a firearm causing great bodily injury in committing the attempted murder (§ 12022.53, subds. (d), (e)(1)) and that he had a prior prison term (§ 667.5, subd. (b)). In 2015 Ortega pled no contest to unpremeditated attempted murder, and admitted the firearm use allegation and the prior prison term. In making the plea, Ortega and the prosecution both stipulated that "if the Court reviewed the police reports contained in the Court's file that a factual basis would exist."

In 2022 Ortega petitioned for resentencing under former section 1170.95, now section 1172.6. The court held a hearing on the petition in January 2023. The court concluded that Ortega "pled to a charge that requires malice aforethought, he was charged alone, and admitted personal use of a firearm." Accordingly, the trial court denied Ortega's petition. Though there was some concern about whether the court could rely on police reports which were the factual basis for Ortega's plea, the court noted it was "making the ruling without reference to that," and basing its ruling on "the record of conviction, which includes . . . at least the transcript of the plea, the plea form itself, the charging documents, and the minutes in the Court's file."

Ortega appealed the denial of his petition. Appellate counsel filed a brief notifying us Ortega's appeal presented no arguable issues. We then offered Ortega an opportunity to file a personal supplemental brief, which he did. We then requested the parties submit briefing on two questions. First, whether the trial court erred by

3

concluding that Ortega failed to make a prima facie case because he "pled to a charge that requires malice aforethought, he was charged alone, and admitted personal use of a firearm." Second, if the court did err, whether this court could deem the error harmless by relying on the police report, which Ortega stipulated contained a factual basis for his plea.

ANALYSIS

In his supplemental brief, Ortega submitted to "any and all arguments brought forth" by his counsel—of which there were none—and raised a wholly new issue under Senate Bill No. 483 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 728). In the supplemental briefs submitted thereafter, the parties agree the trial court erred in concluding Ortega was ineligible for relief for the reasons it stated. However, the People argue this error was harmless because the police reports—which Ortega stipulated to as containing a factual basis for his plea—reveal Ortega is ineligible for relief. We conclude that there was a valid alternate basis to support the trial court's decision denying Ortega's petition, and therefore affirm that decision. We also disagree with Ortega's contention that this court should provide him relief under Senate Bill No. 483.

*A. Section 1172.6*

Senate Bill No. 1437 (2017-2018 Reg. Sess.), effective January 1, 2019, amended the definition of felony murder in section 189 and eliminated liability for attempted murder under a natural and probable consequences theory. Senate Bill No. 1437 also added what is now section 1172.6, which (in its current version) allows "[a] person

4

convicted of . . . attempted murder under the natural and probable consequences doctrine," to "file a petition with the court that sentenced the petitioner to have the petitioner's . . . attempted murder . . . conviction vacated and to be resentenced." (§ 1172.6, subd. (a).) Once a court determines that such a petition contains all relevant information, "the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief." (§ 1172.6, subd. (c).)

When conducting a prima facie review, the court " ' " 'takes [the] petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved.' " ' " (*People v. Eynon* (2021) 68 Cal.App.5th 967, 975.) "The record of conviction will necessarily inform the trial court's prima facie inquiry." (*People v. Lewis* (2021) 11 Cal.5th 952, 971 (*Lewis*).) And though such an inquiry is limited, " 'if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Ibid.*)

Documents which defendants stipulate to as containing a factual basis for a plea are part of the record of conviction. (*People v. Saez* (2015) 237 Cal.App.4th 1177, 1197-1198 [holding a police officer's affidavit was a part of the record of conviction where defendant stipulated to it as the factual basis for his plea].)

We agree with the parties that the trial court erred when it concluded Ortega failed to make a prima facie showing because he "pled to a charge that requires malice

5

aforethought, he was charged alone, and admitted personal use of a firearm." None of these facts from the record of conviction, either alone or together, establish as a matter of law that Ortega is ineligible for relief. *People v. Davenport* (2021) 71 Cal.App.5th 476 (*Davenport*) is instructive. In *Davenport* the defendant pled to second degree murder and admitted a personal use of a firearm enhancement. (*Id.* at p. 479.) When he petitioned for resentencing under section 1172.6, the trial court summarily denied the petition. (*Id.* at pp. 479-480.)

On review, the People argued (among other things) that he was not eligible for relief because the information alleged "he committed the murder 'unlawfully and with malice aforethought,' " and he admitted the firearm use enhancement. (*Davenport*, *supra*, 71 Cal.App.5th at p. 479.) The court rejected these arguments. It noted, " '[t]he allegation that a murder was committed " 'willfully, unlawfully, and with malice aforethought' " is a well-recognized way of charging murder in [a] generic sense.' [Citation.] The generic manner for charging murder, however, does 'not limit the People to prosecuting [defendant] on any particular theories.' " (*Id.* at p. 484.) Thus, "[d]espite the allegation in the information that Davenport committed murder 'with malice aforethought,' he still could have been tried on any theory of murder." (*Ibid.*, italics omitted.) Nor did his admission to the firearm use enhancement render him ineligible for relief, as "admission to this enhancement did not preclude the possibility of prosecution under a felony-murder theory." (*Id.* at p. 485.)

6

We agree with *Davenport* and agree with the parties that Ortega's plea alone does not establish that he is ineligible for relief. We also agree with the parties that Ortega being charged alone does not render him ineligible, as we are aware of no authority requiring prosecutors to try all codefendants together. Thus, the trial court's reliance on these facts to conclude he was not eligible for relief was erroneous.

However, though we agree the trial court erred in how it arrived at its decision, we do not conclude that its decision was erroneous. "In general, an appellate court reviews only the trial court's ultimate decision, not the reasoning on which it was based, and we may affirm the decision on any valid theory." (*Flagship Theatres of Palm Desert, LLC v. Century Theatres, Inc.* (2011) 198 Cal.App.4th 1366, 1377 fn. 7.) Though we requested the parties brief whether any error was harmless, we conclude that such a prejudice analysis is not necessary, as there was a valid alternate basis for the trial court's decision.

The primary question in determining whether a valid alternate basis for the trial court's ruling exists is whether the record of conviction establishes as a matter of law that Ortega was ineligible for relief. If so, then the trial court was right to deny Ortega's petition, even if it did so for the wrong reasons. Ortega is ineligible for relief if the record of conviction refutes his claim that he cannot presently be convicted of murder "because of the changes to Section 188 and 189 made effective by Senate Bill No. 1437." (Section 1172.6, subd. (a)(3).) Even after those changes, relief "is unavailable if the defendant was . . . the actual killer." (*People v. Strong* (2022) 13 Cal.5th 698, 710.)

7

In deciding that question, we are persuaded by *People v. Patton* (2023) 89 Cal.App.5th 649, review granted June 28, 2023, S279670 and *People v. Pickett* (2023) 93 Cal.App.5th 982, review granted Oct. 11, 2023, S281643. In *Patton*, the preliminary hearing transcript contained testimony from investigating officers that "they knew and recognized Patton as the sole perpetrator." (*Id.* at p. 657.) Because the preliminary hearing transcript is part of the record of conviction, the trial court considered this when determining whether Patton had demonstrated a prima facie case for relief, and determined Patton was ineligible for relief. The reviewing court agreed, both that the trial court could rely on the preliminary hearing transcript and that the transcript demonstrated Patton was ineligible. The court rejected arguments that this was impermissible factfinding, saying "[t]he sworn testimony of police officers, based on surveillance video of the crime, that Patton committed the shooting was and is uncontroverted. '[N]o factfinding, weighing of evidence, or credibility determinations' were or are necessary here. '[T]he record of conviction irrefutably establishes as a matter of law that' Patton was convicted as the actual perpetrator of the attempted murder." (*Id.* at p. 658.)

Similarly, in *Pickett*, the Court of Appeal endorsed the trial court's reliance on a preliminary hearing transcript to conclude petitioner pled guilty to acting as the sole perpetrator. "[W]here the defendant alleges no facts concerning the murder to which he pleaded guilty, the People introduce without objection uncontroverted evidence from the preliminary hearing transcript showing that the defendant acted alone in killing the

8

victim, and the defendant does not put forth, by way of briefing or oral argument, any factual or legal theory in support of his petition, the defendant has failed to make a prima facie showing for relief under section 1172.6." (*Pickett*, *supra*, at p. 990.)

That the approach in *Patton* and *Pickett* does not involve impermissible factfinding finds general support in the review that our Supreme Court performed in *Delgadillo*, where the trial court had denied a petition, without issuing an order to show cause, because the defendant was the only participant in a murder. (*Delgadillo*, *supra*, 14 Cal.5th at p. 223.) In *Delgadillo*, our Supreme Court reviewed the trial record and concluded that it "makes clear" that the defendant was the "actual killer and the only participant in the killing." (*Id*. at p. 233.) In affirming, the Supreme Court relied on defense counsel's concession at trial that the death occurred from the defendant driving on the wrong side of the road. (*Id*.) The Supreme Court's analysis confirms that we do not engage in impermissible factfinding by relying on undisputed record evidence establishing that the defendant is the only participant in a killing.

Here, beyond *Patton* and *Pickett*, we have more than just undisputed facts in the record of conviction. We are examining the factual basis that a defendant agreed supported his plea to attempted murder. The facts a defendant has agreed to in a factual basis can have legal effects. Under California law, facts that the defendant "admitted as the factual basis for a guilty plea" can supply the basis for imposing additional punishment without constituting judicial factfinding in violation of *Apprendi v. New Jersey* (2000) 530 U.S. 466. (*People v. Gallardo* (2017) 4 Cal.5th 120, 136; see also

9

*People v. Page* (2017) 3 Cal.5th 1175, 1189 ["factual basis documentation for a negotiated plea" can establish ineligibility for post-conviction relief under Proposition 47].)

The facts to which the defendant stipulated identify him as the shooter. They contain no indication of the involvement of any other participant. While defendant did not stipulate to any fact, he agreed that the set of facts in the police reports supported his attempted murder conviction. (See *People v. Gallardo*, *supra*, 4 Cal.5th at p. 136 [suggesting that if a "defendant adopted the preliminary hearing transcript as supplying the factual basis for her guilty plea" a court could rely on that transcript for *Apprendi* purposes].) If defendant could point to any fact in that factual basis suggesting that there was some other shooter, then we could not conclude that he was the shooter without impermissible factfinding. But, as with the undisputed facts in the *Delgadillo* trial record, we need do no factfinding. The stipulated factual basis "makes clear" that defendant was the shooter and "the only participant in the [shooting]." (*Delgadillo*, supra, 14 Cal.5th at p. 233.) With this factual basis, Ortega cannot show that he cannot be convicted today "because of" the Senate Bill No. 1437 changes to the murder laws. (§ 1172.6, subd. (a)(3).)

In support of a different conclusion, Ortega argues we should not or cannot rely on the police reports in this way. He argues that "[a] defendant is not required to personally admit the truth of the factual basis of the plea, which may be established by defense counsel's stipulation to a particular document" (*People v. French* (2008) 43 Cal.4th 36,

10

50-51), and therefore we cannot rely on the stipulated facts to determine whether he is eligible for relief. This is similar to the argument the reviewing court made in *People v. Rivera* (2021) 62 Cal.App.5th 217, 235 (*Rivera*). In that case Rivera pled no contest to murder after a grand jury indicted based in part on "evidence tending to suggest that Rivera was present when Coneal, a fellow gang member, shot [the victim], and drove Coneal to and from the scene." (*Id.* at p. 224.) In pleading, Rivera stipulated the grand jury transcript contained a factual basis for his plea. (*Id.* at pp. 225-226.) The trial court then denied Rivera's section 1172.6 petition. On appeal, the People argued "that the grand jury transcript reveals that the case against Rivera 'was never predicated on felony murder or a natural and probable consequences theory,' because there were no instructions or argument to the grand jury based on either theory." (*Id.* at p. 235.)

The reviewing court disagreed and reversed. In doing so it concluded that the grand jury transcript did not prove, as a matter of law, that Rivera was ineligible for relief because "absent an indication that a defendant admitted the truth of particular facts, the stipulation to a factual basis for the plea does not 'constitute[ ] a binding admission for all purposes,' " and therefore could not be used to establish the truth of any specific facts. (*Rivera*, *supra*, 62 Cal.App.5th at p. 235.) However, *Rivera* specifically stated that it did "not decide whether under other circumstances a trial court could rely on a grand jury transcript to deny a [former] section 1170.95 petition for failure to make the required prima facie showing." (*Id.* at p. 238.) Instead, it concluded that Rivera prevailed because he "not only filed a facially sufficient petition but, with the assistance of counsel, offered

11

a theory under which the evidence presented to the grand jury was consistent with his guilt of murder under the natural and probable consequences doctrine, based upon an intent to participate in a target offense of assault. [Citation.] In doing so, he created a factual dispute that cannot be resolved at the prima facie stage since nothing in the record definitively foreclosed his theory." (*Id.* at p. 239.)

No such similar factual dispute exists here. While we agree with *Rivera* that Ortega's stipulation to the police reports did not require him to admit the truth of any specific facts in those reports, it still required him to admit that as a whole they contained facts which satisfied the elements of attempted murder. Here, unlike in *Rivera*, there is no way to interpret the facts set out in the report in such a way that Ortega is both guilty of attempted murder and eligible for relief under section 1172.6. The facts Ortega stipulated show that he pled guilty based on a theory where he was the actual killer, and that theory is not one which entitles him to relief. Accordingly, *Rivera* is distinguishable.

### B. Senate Bill No. 483

Finally, we turn to the new issue Ortega raises in his supplemental brief. Ortega argues he is entitled to resentencing under Senate Bill No. 483. While he is correct that he is entitled to resentencing, this is not a matter that is within the scope of a section 1172.6 petition challenging his murder conviction that is before us.

We note as well that Ortega that is not permitted to raise the Senate Bill No. 483 issue on his own. In 2022, Senate Bill No. 483 added section 1171.1 to the Penal Code, later re-numbered to section 1172.75. This section says, "[a]ny sentence enhancement

12

that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid." (§ 1172.75, subd. (a).) Section 1172.75 charges the "Secretary of the Department of Corrections and Rehabilitation [CDCR] and the county correctional administrator of each county," to "identify those persons in their custody currently serving a term for a judgment that includes an enhancement described in subdivision (a)," and provide certain information about those people "to the sentencing court that imposed the enhancement." (§ 1172.75, subd. (b).) The relevant entities were required to complete this reporting for all individuals by July 2022. (§ 1172.75, subd. (b).) Once a trial court is made aware of a sentence which includes such an enhancement, "the court shall recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).) This resentencing shall be completed for all individuals by the end of 2023. (§ 1172.75, subd. (c)(2).)

Ortega is correct that his one-year sentence for a prior prison enhancement is legally invalid. Although the rule of *In re Estrada* (1965) 63 Cal.2d 740 does not apply, as his original judgment is final, Senate Bill No. 483 allows "prisoners whose judgments of conviction were final a procedure to obtain retroactive resentencing" (*People v. Newell* (2023) 93 Cal.App.5th 265, 267). However, nothing in section 1172.75 permits Ortega to raise this issue on his own. Under section 1172.75's "express procedure, any review and verification by the court in advance of resentencing is *only* triggered by receipt of the necessary information from the CDCR Secretary or a county correctional administrator,

13

not by any individual defendant." (*People v. Burgess* (2022) 86 Cal.App.5th 375, 384, italics added; see *People v. Escobedo* (2023) 95 Cal.App.5th 440, 448 ["when the Legislature wants to authorize defendants to seek relief by way of a petition, as in section 1172.6, it knows how to do so"].)

We do not have before us information about how Ortega's eligibility under Senate Bill No. 483 has been handled.  Accordingly, though we acknowledge that Ortega is currently serving a sentence which appears to contain an invalid term, we will not jumpstart the resentencing process (which, for all we know, may already be underway) now.

DISPOSITION

We affirm the order denying Ortega's petition.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL             
J.

I concur:

CODRINGTON       
      Acting P. J.

[*People v. Rafael Ortega*, E080670]

MENETREZ, J., Dissenting.

A court conducting prima facie review of a petition under Penal Code section 1172.6 must assume the truth of the petition's allegations unless they are refuted by facts contained in the record of conviction. (*People v. Lewis* (2021) 11 Cal.5th 952, 971 (*Lewis*).) (Unlabeled statutory citations are to the Penal Code.) The court must not engage in factfinding or make credibility determinations. (*Lewis*, *supra*, at pp. 972, 974.) It follows that the only facts on which the court can rely to refute the allegations of the petition are those admitted by the defendant or found beyond a reasonable doubt by a trier of fact. (See *People v. Jenkins* (2021) 70 Cal.App.5th 924, 933-935 (*Jenkins*); *People v. Curiel* (2023) 15 Cal.5th 433, 451-454 (*Curiel*) [facts in the record of conviction will ordinarily be given preclusive effect on prima facie review only if they satisfy the traditional elements of issue preclusion and no exception applies].)

When defendant Rafael Ortega pled no contest to attempted murder, defense counsel and the prosecutor stipulated that "if the Court reviewed the police reports contained in the Court's file that a factual basis would exist." Neither Ortega nor his counsel thereby admitted any specific facts described in those reports. Those facts therefore cannot be used to refute the allegations of Ortega's petition on prima facie review (*People v. Rivera* (2021) 62 Cal.App.5th 217, 234-235 (*Rivera*)), regardless of whether Ortega has alleged an alternative version of the facts.

In my view, the majority opinion misunderstands the nature of the factual basis for a plea under California law. There is no federal constitutional requirement that the court

1

inquire into the factual basis for a plea. (*People v. Hoffard* (1995) 10 Cal.4th 1170, 1182-1183 (*Hoffard*).) The requirement under California law is statutory, and it does not apply to all guilty or no contest pleas. Rather, it applies only to conditional pleas. (§ 1192.5, subd. (c); *Hoffard*, at pp. 1180-1182.) The point of the requirement is that, because the prospect of "substantially reduced punishment" can be such a powerful "motivating factor for a plea," a negotiated plea "creates an especially high risk the defendant will plead to a crime he or she did not commit and for which no factual basis can be established." (*Hoffard*, at p. 1182.) The factual basis requirement thus "helps ensure that the 'constitutional standards of voluntariness and intelligence are met.'" (*People v. Holmes* (2004) 32 Cal.4th 432, 438.) In addition, although the guilty or no contest plea itself "admits every element of the crime and constitutes a conviction" (*Hoffard*, at p. 1177), "[t]he trial court need not obtain an element-by-element factual basis but need only obtain a prima facie factual basis for the plea" (*People v. Marlin* (2004) 124 Cal.App.4th 559, 572).

*People v. French* (2008) 43 Cal.4th 36 (*French*) illustrates how limited a factual basis can be while still satisfying the statutory requirement. In that case, the defendant pled no contest to six sex offenses and received an upper term sentence on one of them. (*Id.* at p. 40.) At the plea hearing, "[t]he prosecutor set forth the factual basis for the plea by briefly describing the acts underlying these six counts. When the court inquired of defense counsel whether she believed there was a sufficient factual basis for the plea, counsel stated, 'I believe the People have witnesses lined up for this trial that will support what the D.A. read in terms of the factual basis . . . .'" (*Id.* at p. 42.) When the case

2

came before the Supreme Court, one of the issues was whether the defendant had admitted facts establishing the aggravating circumstances necessary to justify an upper-term sentence. (*Id.* at pp. 48-52.) In holding that the defendant had made no such admission, the Court explained that "nothing in the record indicates that defendant, either personally or through his counsel, admitted the truth of the facts as recited by the prosecutor." (*Id.* at p. 51.) Rather, defense "counsel was careful to state that she agreed that witnesses would testify to the facts as recited by the prosecutor; she did not stipulate that the prosecutor's statements were correct." (*Ibid.*) The Court did not suggest that the factual basis was in any way improper or inadequate. But "defense counsel's stipulation to the factual basis cannot reasonably be construed as an admission by defendant sufficient to satisfy" the requirements of the Sixth Amendment. (*French*, at p. 51.) It was merely a stipulation that *there was evidence* of facts supporting the convictions. It was not an admission of any particular facts.

There is no material distinction between the stipulation in *French* and the stipulation in Ortega's case. Ortega's plea counsel stipulated that the court could find a factual basis in the police reports, just as the defendant's counsel in *French* stipulated that a factual basis could be found in the prosecutor's description of the facts and the anticipated testimony of the prosecution's witnesses. As in *French*, nothing in the record indicates that Ortega, either personally or through counsel, admitted the truth of the facts described in the police reports.

Of course, there is no requirement that the factual basis be so thin, and sometimes a defendant does make specific factual admissions at the plea hearing. For example, in

3

*People v. Fisher* (2023) 95 Cal.App.5th 1022 (*Fisher*), the prosecutor described the facts—including that the defendant "'shot and killed'" two victims and "'shot and injured'" a third—and then asked the defendant if that was "'a little summary'" of "'basically [what] happened that night.'" (*Id.* at p. 1025.) The defendant answered "'Yes, sir.'" (*Ibid.*) Accordingly, on appeal from the denial of the defendant's section 1172.6 petition at the prima facie stage, the Court of Appeal held that because the defendant "specifically admitted to shooting and killing two people and shooting and injuring a third person, he is ineligible for relief as a matter of law." (*Fisher*, at p. 1030.)

Nothing comparable happened in *People v. Patton* (2023) 89 Cal.App.5th 649 (*Patton*), review granted June 28, 2023, S279670, in which the court held that a section 1172.6 petition's allegations were refuted by facts described in police officers' "uncontroverted" testimony at the preliminary hearing. (*Patton*, at p. 658.) The court's opinion says nothing about the factual basis for the defendant's plea.

Because review is pending in *Patton*, the Court of Appeal's opinion has no "precedential effect" and "may be cited for potentially persuasive value only." (Cal. Rules of Court, rule 8.1115(e)(1).) I do not find *Patton* persuasive, because the facts described in the preliminary hearing testimony were not admitted by the defendant or found by a trier of fact, and factfinding is impermissible on prima facie review of a section 1172.6 petition. *Patton*'s reliance on the fact that the preliminary hearing testimony was uncontroverted is equally unpersuasive. A preliminary hearing is not a trial, and its purpose is merely to determine whether there is sufficient evidence to hold the defendant to answer. (See generally *People v. Superior Court* (*Mendez*) (2022) 86

4

Cal.App.5th 268, 276.)  The defendant consequently has little incentive to introduce conflicting evidence.  For those reasons and others, the facts described in the testimony at the preliminary hearing in *Patton* do not come close to satisfying the elements of issue preclusion.  (See *Curiel*, *supra*, 15 Cal.5th at pp. 451-452.)  *People v. Pickett* (2023) 93 Cal.App.5th 982 (*Pickett*), review granted October 11, 2023, S281643, is unpersuasive for similar reasons.  Moreover, both *Patton* and *Pickett* directly conflict with *Lewis*'s holding that "at the prima facie stage, . . . the court should not make credibility determinations" (*Lewis*, *supra*, 11 Cal.5th at p. 974)—the preliminary hearing testimony that *Patton* and *Pickett* rely on is of no probative value (let alone preclusive) unless it is found credible.  I would decline to follow *Patton* and *Pickett* and would instead follow *People v. Flores* (2022) 76 Cal.App.5th 974, 991-992, and similar cases that have strictly adhered to the prohibition on judicial factfinding on prima facie review of a section 1172.6 petition.  (See *Rivera*, *supra*, 62 Cal.App.5th at pp. 234-235; *Jenkins*, *supra*, 70 Cal.App.5th at pp. 933-935; *People v. Davenport* (2021) 71 Cal.App.5th 476, 482; *People v. Das* (2023) 96 Cal.App.5th 954, 962-964.)

Ortega has never admitted, and no trier of fact has found beyond a reasonable doubt, facts that refute the allegations of Ortega's petition.  The trial court therefore erred by denying the petition at the prima facie stage.  I would reverse with directions to issue an order to show cause, and accordingly I respectfully dissent.

MENETREZ       
J.

5